## Case No. 11,149a.

### PIERCE v. The VICTORY.

[4 Betts, D. C. 43.]

District Court, S. D. New York.   Feb. 19. 1844.

SEAMEN'S WAGES—VESSEL PLYING ON HUDSON RIVER—WRONGFUL DISCHARGE.

[1. A lien for wages arises from maritime services to a boat plying upon the tide-waters of Hudson river.]

[2. The damages of a mariner wrongfully discharged from a boat plying on Hudson river are not measured by the agreed wages for the full time for which he was employed.]

[This was a libel for seamen's wages by Charles Pierce against the steamboat Victory.]

BETTS, District Judge. This cause having been heard upon the proofs and allegations of the respective parties and the premises being considered: and it being made to appear to the court that the libellant contracted with the master of said boat to perform services of a maritime character on board thereof on navigable tide waters, and in pursuance of such contract entered on board said boat and there continued until discharged therefrom by the master, on the 3d day of May, 1843, and then and there offered and tendered to continue his services thereon in fulfilment of his contract: It is therefore considered that the said agreement was a maritime contract upon which the libellant is entitled to sue in this court in rem against the said boat for such compensation as he is entitled to by occasion of the premises: And it further appearing to the court that the agreement aforesaid secured the libellant's pay or wages at the rate of $20 per month for a period of ten months, together with his board: and that the discharge aforesaid by the master of said boat was a violation of said agreement: But it appearing to the court that the employment of the said boat was not on foreign or sea voyages, but only on short trips or runs between Kingston (or Rondout) on the North river and the city of New York, for the transportation of freight and passengers: It is considered by the court that the libellant is not entitled to recover the entire wages contracted to be paid him for the whole period of service, but only compensatory damages for the breach or violation of said contract, and that the agreed wages for the term aforesaid are not the legal or just measure of such damages:— Wherefore it is ruled and adjudged by the court that the libellant recover for his damages by means of the premises at and after the required rate of wages to the time of his discharge aforesaid, and from then to the time of filing his libel in this suit, and also at and after the rate of $3 per week for his board during such last mentioned period, to wit, from the third day of May to the eighth day of June, 1843, being one month and five days: And it is ordered and adjudged that the said libellant recover therefor in the aggregate the sum of $52.80, that is to say, $15.33 for services up to the time of his discharge from the said boat, and $23.33 for loss of time, and $14.14 for board, from the time of his said discharge to the commencement of this action together with his costs to be taxed: but subject to the allowance of $15.33 admitted to have been paid him on his discharge from the said boat.